# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RAVNEET SINGH (2) and ELECTIONMALL, INC. (3), <br><br> Defendants. | Case No.: 14cr388-MMA-2,3 <br><br> **ORDER DENYING DEFENDANT SINGH'S MOTION TO SEVER TRIAL;** <br> [Doc. No. 221] <br><br> **GRANTING DEFENDANT ELECTIONMALL, INC.'S MOTION FOR JOINDER** <br> [Doc. No. 223] |

Defendants Ravneet Singh and Electionmall, Inc. ("EMI") are charged in a 26-count Superseding Indictment with conspiracy to commit campaign finance fraud and related counts. *See* Doc. No. 42. The trial of this matter is currently scheduled for July 26, 2016. *See* Doc. No. 218. Singh now moves to sever his trial from that of his co-Defendants Jose Susumo Azano Matsura ("Azano") and Marco Polo Cortes, and proceed to trial on February 16, 2016.[1] *See* Doc. Nos. 221, 223. The government opposes the

---

[1] EMI moves to join Singh's motion to sever. *See* Doc. No. 223. The government does not oppose EMI's joinder motion. Accordingly, the Court **GRANTS** EMI's motion.

motion to sever.  *See* Doc. No. 225.  For the reasons set forth below, the Court **DENIES** Singh's motion.

## DISCUSSION[2]

Singh moves to sever the trial of the five counts of the Superseding Indictment in which he is charged from that of the remaining 21 counts.  Singh does not contend that the counts were improperly joined under Federal Rule of Criminal Procedure 8(a), but argues that the Court should sever the counts under Rule 14 because joinder is prejudicial.

Federal Rule of Criminal Procedure 14 recognizes that even when defendants are properly joined under Rule 8(b), severance may be appropriate to avoid prejudice to a defendant.  *See* Fed. R. Crim. P. 14(a); *see also* Fed. R. Crim. P. 8(b).  Yet Rule 14 "sets a high standard for a showing of prejudice." *United States v. Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir. 1994).  To justify severance, the defendant bears the burden of demonstrating that "a joint trial is so manifestly prejudicial that the trial judge is required to exercise his or her discretion in only one way – by severing the trial." *United States v. Castro*, 887 F.2d 988, 996 (9th Cir. 1989) (citation omitted).  A district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.  *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  Limiting instructions will often suffice to cure any risk of prejudice. *See id.*

In this case, the above principles must be weighed against the general holding that a joint trial is "particularly appropriate where co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against

---

[2] The parties and the Court are familiar with the relevant factual background of the case, which is not set forth herein.

each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004).  Notably, a defendant is not entitled to a severance merely because the evidence against a co-defendant is more damaging than the evidence against him.  *See United States v. Gaines*, 563 F.2d 1352, 1355 (9th Cir. 1977).  "While a great disparity in proofs may be sufficient to allow a severance in certain cases, the prime consideration is whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in the light of its volume and the limited admissibility." *Id*.  "Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39.

As the Ninth Circuit has explained, "[t]he prime consideration in assessing the prejudicial effect of a joint trial is whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants, in view of its volume and the limited admissibility of some of the evidence." *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980).  Here, the Court is confident that a jury will be able to compartmentalize the evidence as necessary, particularly with the assistance of carefully crafted instructions for the jury to disregard certain "factors in determining the guilt or innocence of each of the defendants." *Id*. at 1202.  While this case has been declared legally and factually complex for purposes of excluding time under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(ii), it is not so complicated that it will prohibit a rational juror from evaluating Singh's individual culpability.

Singh's remaining concerns do not warrant severance.  There is no currently identified *Bruton*[3] problem; "a better chance for acquittal" does not warrant severance, *Escalante*, 637 F.2d at 1201; and Singh's desire to be tried more quickly than his co-defendants is insufficient to justify severance.

---

[3] *See Bruton v. United States*, 391 U.S. 123, 137 (1968) (admission of a statement made by a non-testifying co-defendant violates the Confrontation Clause when that implicates the defendant).

## CONCLUSION

Based on the foregoing, the Court **DENIES** Singh's motion to sever. The trial of this matter as to all defendants will go forward as currently scheduled on July 26, 2016. Time remains excluded under the Speedy Trial Act for the reasons stated on the record during the December 15, 2015 status hearing and as set forth in the Court's Order of that same date. *See* Doc. No. 218.

**IT IS SO ORDERED**.

DATE: December 31, 2015

_____
HON. MICHAEL M. ANELLO
United States District Judge