ALANA W. ROBINSON
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515
ANDREW G. SCHOPLER, CASB# 236585
MARK W. PLETCHER, Colorado State Bar No. 034615
HELEN H. HONG, CASB# 235635
Assistant U.S. Attorneys
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8068/9714/6990
Email: helen.hong@usdoj.gov

Attorneys for the United States

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 14CR0388-MMA |
| v. | Date:   July 12, 2016<br>Time:   9:00 a.m. |
| JOSE SUSUMO AZANO MATSURA (1),<br>    aka Mr. A.,<br>    aka Mr. Lambo,<br>RAVNEET SINGH (2),<br>    aka Ravi Singh,<br>MARCO POLO CORTES (4),<br>EDWARD SUSUMO AZANO HESTER (5),<br>    aka Susu,<br>    aka Junior, | **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT SINGH'S MOTIONS IN LIMINE [318] TO:** |
| Defendants. | **A. PRECLUDE EVIDENCE NOT PRODUCED IN DISCOVERY**<br>**B. PRECLUDE UNNOTICED EXPERT TESTIMONY**<br>**C. PRECLUDE UNNOTICED 404(B) EVIDENCE**<br>**D. PRECLUDE REFERENCE TO SINGH'S POVERTY**<br>**E. PRECLUDE WIRETAP EVIDENCE**<br>**F. REQUEST PRETRIAL HEARING ON ADMISISIBILITY OF ELECTRONIC EVIDENCE**<br>**G. PERMIT ENTRAPMENT DEFENSE TO COUNT 38**<br>**H. EXCLUDE GOVERNMENT WITNESSES, BUT PERMIT SIMERNEET SINGH TO REMAIN**<br>**I. PRECLUDE REFERENCE TO IMMUNITY AGREEMENTS**<br>**J. PRECLUDE EVIDENCE OF UNCHARGED CAMPAIGN LAW VIOLATIONS** |

K. PRECLUDE                                                    COCONSPIRATOR
    STATEMENTS

## ARGUMENT

**A.    MOTION TO PRECLUDE EVIDENCE NOT PRODUCED IN DISCOVERY**

The motion should be denied.

The United States has scrupulously adhered to (and exceeded) its constitutional, statutory and rules-based discovery obligations.  Over six terabytes of discovery has been produced to date and the United States has not knowingly withheld any discovery that is subject to disclosure.  While Federal Rule of Criminal Procedure 16 allows a court to "prohibit [a] party from introducing undisclosed evidence," that sanction is triggered only "[i]f a party fails to comply" with Rule 16.  Neither Singh nor any other defendant has accused the government of breaching the requirements of Rule 16.  *United States v. Barreiro*, No. 13-CR-00636-LHK, 2015 WL 7734139, at *4 (N.D. Cal. Dec. 1, 2015) ("Defendants' motion in limine number 9, to preclude the government from offering evidence not produced in discovery, is DENIED. There is no allegation that the government has failed to comply with its discovery obligations[.]").  As the case proceeds, the United States will continue to disclose any new discovery immediately.  If Singh or any defendant "believe[s] that the government fails to meet its Rule 16 obligation to disclose newly-discovered evidence[]," the defendants may then "object to the introduction of that evidence." *Id.*  With those specific discovery objections, the Court may evaluate whether any of the "sanctions identified in Rule 16(d)(2), including exclusion of evidence," is warranted. *Id.*  But Singh's request now is premature and unwarranted, particularly given the United States's discovery production.

**B.    MOTION TO PRECLUDE UNNOTICED EXPERT TESTIMONY**

The motion should be denied.

The United States identified anticipated expert testimony in its motions in limine, and will supplement the expert disclosures by letter to defense counsel, as well.  The notice included disclosures about experts who have routinely been permitted to testify,

1  including, for example, Matthew Beals, a Special Agent with ATF (to testify about the

2  firearm), an A-File custodian and State Department witness (to testify about Azano's

3  immigration status), and Stacey Fulhorst, the San Diego County Ethics Commissioner,

4  who will testify about election filing requirements in connection with San Diego political

5  campaigns.   Out of the abundance of caution, the United States anticipates identifying

6  other individuals, like a witness to summarize voluminous financial records by letter as

7  well.   Disclosures made five days before trial have been upheld, when the expert did not

8  testify until later in the trial. *United States v. Martinez*, 657 F.3d 811, 817 (9th Cir. 2011)

9  ("Undoubtedly, the government's disclosure was not in the "timely fashion" required by

10  the advisory committee note to Rule 16. The disclosure was made five days before trial.

11  However, the disclosure was a month before Vitkosky testified as an expert, time enough

12  for the defense to prepare.").   Singh's motion to preclude unnoticed expert testimony

13  should be denied.

14  **C.   MOTION TO PRECLUDE UNNOTICED 404(B) EVIDENCE**

15          The motion should be denied.

16          The United States has identified Rule 404(b) evidence that it seeks to introduce in

17  its motions in limine.[1]   Out of an abundance of caution, the United States anticipates

18  identifying other evidence that is not subject to Rule 404(b) notice requirements by letter,

19  as well.   That includes, for example, evidence that bears on Singh's relationship with

20  Azano and the working relationship they developed by collaborating on other projects.

21  Singh, for example, assisted Azano with campaign efforts to support a Mexican

22  Presidential candidate.   Their close working relationship developed as a result of those

23  types of projects.   Because that evidence is inextricably intertwined with the nature of

24  their relationship, it is not constrained by the requirements of Rule 404(b).   See, e.g.,

25  *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995) ("Second, we

26  have allowed 'other act' evidence to be admitted when it was necessary to do so in order

27

28  [1]      If the United States identifies any additional 404(b) evidence before trial, the United
   States will provide notice immediately to the defendants.

1  to permit the prosecutor to offer a coherent and comprehensible story  regarding the
2  commission of the crime; it is obviously necessary in certain cases for the government to
3  explain either the circumstances under which particular evidence was obtained or the
4  events surrounding the commission of the crime.").

5  **D.  MOTION TO PRECLUDE REFERENCE TO SINGH'S ALLEGED POVERTY**

6       The motion should be denied as moot.

7       The United States will not "argue at trial" that alleged "financial hardships
8  motivated Mr. Singh to commit the crimes alleged in the" second superseding indictment.
9  Def. Mot. [318] at 3.

10       The United States will, however, introduce evidence that Singh was motivated by
11  financial gain to commit his crimes.  That evidence is not tied to Singh's alleged
12  "impoverished" state.  The substantial sums that Singh expected—without offsets for any
13  substantial overhead—is the type of motive evidence that the Ninth Circuit has routinely
14  upheld.  *United States v. Reyes*, 660 F.3d 454, 464 (9th Cir. 2011) ("The Government was
15  not permitted to introduce evidence simply to show that Reyes was wealthy.  However,
16  the Government was allowed to introduce evidence about Reyes's motivation for his
17  involvement in the backdating scheme, his scienter, even if such evidence is generally not
18  sufficient, standing alone, to prove intent to defraud."); *Tellabs, Inc. v. Makor Issues &
19  Rights, Ltd.*, 551 U.S. 308, 325, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) ("it is true that
20  motive can be a relevant consideration, and personal financial gain may weigh heavily in
21  favor of a scienter inference"); *United States v. Quattrone,* 441 F.3d 153, 187 (2d Cir.
22  2006) (permitting evidence of executive compensation where the introduction of the
23  evidence was for the limited purpose of demonstrating motive and not simply wealth).

24  **E.  MOTION TO PRECLUDE WIRETAP EVIDENCE**

25       The motion should be denied as moot.

26       The United States will not introduce any T-III intercepts including Azano or Singh
27  as a participant.

28  **F.  MOTION TO PRECLUDE ESI WITHOUT A PRETRIAL EVIDENTIARY HEARING**

4

1   The motion should be denied as moot.

2   The United States will provide an exhibit list in advance of trial, identifying all

3   exhibits—electronic or otherwise—that the United States anticipates introducing at trial.

4   To the extent Singh seeks an evidentiary hearing to determine the admissibility of

5   electronic evidence in advance of trial, the United States opposes. The procedure would

6   work an unnecessary strain on the court and require a trial before the trial. A court "has

7   the power to exclude evidence in limine only when evidence is clearly inadmissible on all

8   potential grounds." *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400-

9   01 (N.D. Ill. 1993). But unless evidence meets this high standard, evidentiary rulings

10   should be deferred until trial so that questions of foundation, relevancy and potential

11   prejudice may be resolved in proper context. *Id.*

12   **G.   MOTION TO PERMIT ENTRAPMENT DEFENSE TO COUNT 38**

13   The United States does not oppose Singh's request to present an entrapment

14   defense to the jury for Count 38. Although the United States contests Singh's claims—as

15   laid out in the opposition to Singh's motion to dismiss Count 38 on entrapment grounds—

16   the United States agrees that he may seek to introduce such evidence at trial. The court

17   should defer determining whether a jury instruction is warranted, however, until the

18   evidence is introduced at trial.

19   **H.   MOTION TO EXCLUDE GOVERNMENT WITNESSES, BUT TO PERMIT POTENTIAL WITNESS SIMERNEET SINGH TO ATTEND TRIAL**

20   The United States does not oppose Singh's request to exclude government

21   witnesses during the trial, with the exception of FBI Special Agents Erin Phan, Stephanie

22   Schuld and Christina Hokensen, who are all case agents excluded from the scope of

23   Rule 615. *United States v. Thomas*, 835 F.2d 219, 223 (9th Cir. 1987) ("Under the law of

24   this circuit, Agent Smith was properly excluded from this rule as an officer for the

25   government."). Moreover, the United States does not anticipate that any of those agents,

26   aside from Agent Phan, may be called as a witness at trial.

27

28

The United States does, however, oppose Singh's request to allow one of his potential witnesses to remain in the courtroom. Simerneet Singh is described as a person with "personal knowledge of some of the events alleged in the indictment[.]" Def. Mot. [318] at 13. He allegedly is a "personal acquaintance with a number of ElectionMall employees and Board members who have been named as government witnesses." *Id.* And he has been identified as one of only two potential witnesses for Singh. *Id.* ("Simer has been identified as a potential defense witness."). He accordingly falls squarely within the "mandatory" exclusion requirements of Rule 615. *Gov't of Virgin Islands v. Edinborough*, 625 F.2d 472, 474 (3d Cir. 1980) ("The mandatory language of the rule shows that it was intended to change the prior practice under which the trial court had discretion to determine whether a witness should be excluded.").

Rule 615 provides that a district court "*must* order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615 (emphasis added). The Rule was designed as a "means of discouraging and exposing fabrication, inaccuracy, and collusion." *Id.*, adv. committee notes. It is subject to only four exceptions, and three are wholly inapplicable here. Fed. R. Evid. 615(a), (b), (d). The fourth permits a district court to allow a witness to remain when "a party shows" his presence "to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(c). Singh has not met his burden to show that Simerneet is "essential" to his defense within the meaning of Rule 615.

Singh first contends that Simerneet Singh has been a "part of Ravi Singh's defense team" from the time of his arrest. Simerneet allegedly has "participated in countless defense strategy meetings, attended court hearings, reviewed pleadings, and read substantial portions of the government's discovery[.]" Def. Mot. [318] at 13. But Singh has been—and remains—represented by two attorneys from a prominent law firm. One is the former Chief of the Major Frauds unit of the United States Attorney's Office in the Southern District of California. He has represented Singh since the day of Singh's arrest. The other is a highly-regarded defense attorney with significant federal trial experience.

Singh contends that Simerneet is helpful "particularly given his knowledge of federal campaign contribution laws," Def. Mot. [318] at 13, but his attorneys undoubtedly are well versed in them now, as well. Simerneet's "personal acquaintance" with former ElectionMall employees cannot make him "essential" either. The facts that those witnesses have to offer, and Singh's ability to rebut them, hinges entirely on the facts known to those witnesses or to Singh himself. For that reason, courts have rejected claims that witnesses are "essential" because they may be able to assist in rebutting facts. *United States v. Mayorqui-Rivera*, 87 F. Supp. 3d 1288, 1292 (D. Colo. 2015) ("Contrastingly, not only is Mr. Santiago not essential for that critical information or purpose, he is superfluous. Indeed, what Mr. Santiago knew or did at any time is irrelevant unless Mr. Rivera's and Mr. Santiago's knowledge was coextensive, and, if such is the case, then Mr. Santiago clearly is not essential in any event. Instead, it is Mr. Rivera himself who is uniquely positioned to advise and assist his counsel on these relevant and determinative issues.").

Singh relies on *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 916 (9th Cir. 2005), but the case is distinguishable. There the Ninth Circuit upheld the right of a plaintiff to have her attorney present during the trial, even though he was identified as a trial witness by the defense. As the Ninth Circuit found, the putative attorney-witness "had represented [the plaintiff] from the beginning of the claim process, and [the plaintiff] had special reasons for insisting he continue as one of her attorneys." *Id.* Any rule excluding him from the courtroom would have required his withdrawal as counsel of record at all. Simerneet Singh, by contrast, has never been Singh's attorney in this case. The date of his arrest, he contacted his current attorney and has been represented by them since.

Nor can Singh make Simerneet "essential" by claiming emotional benefits. Singh has identified no case that would supports that reading of Rule 615. While Singh points to *Gov't of Virgin Islands v. Edinborough*, 625 F.2d 472, 474 (3d Cir. 1980), the Third Circuit there considered that an adult could be "essential" when a minor victim testifies

about her sexual abuse.  *Id.* at 475 ("It follows that children, particularly those who must testify about sexual molestation, will find the judicial experience even more frightening if they are required to testify in the unfamiliar surroundings of a sterile courtroom without the sight of a familiar and protective individual.").  But the court nowhere suggested that a grown, capable business man could insulate his brother from the sequestration requirements of Rule 615 by claiming emotional or "intangible" benefits.

Simerneet is one of just two potential witnesses identified by Singh to date.  By Singh's own admission, Simerneet has "some limited personal knowledge of some of the events alleged in the indictment" and has been identified as a "potential defense witness."  Because Rule 615 squarely forbids his presence during the trial before he testifies, and because Singh has failed to shoulder his burden to establish that Simerneet is "essential," the United States opposes Singh's request.

# I. MOTION TO PRECLUDE EVIDENCE OF IMMUNITY AGREEMENTS

The motion should be denied.

Singh seeks to forbid the United States from fronting potential areas for impeachment, while reserving the right to impeach those witnesses with immunity agreements.  Def. Mot. [318] at 15 (stating that he would like to maintain right "to decide . . . at a later point whether they would like to introduce this evidence as to certain witnesses as impeachment on cross-examination).  If the defendants all agree that they will not impeach the witnesses with the fact that they obtained immunity agreements, the Court may then properly consider whether both parties should be precluded from raising them.  But Singh cannot gain an unfair advantage by precluding the United States from referencing the immunity agreements and then suggesting that the witness is biased on cross-examination.  Nor can Singh selectively identify which defendants may discuss immunity agreements and which may not.

The fact that a witness has secured an immunity agreement is not inflammatory within the understanding of Rule 403.  Federal Rule of Evidence 403 provides that a district court "may exclude relevant evidence if its probative value is substantially

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Unfair prejudice is an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. The Rule requires that the probative value of the evidence be compared to the articulated reasons for exclusion and permits exclusion only if one or more of those reasons substantially outweigh the probative value." *United States v. Anderson*, 741 F.3d 938, 950 (9th Cir. 2013) (citations and internal quotation marks omitted).  "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Yazzie*, 59 F.3d 807, 811 (9th Cir.1995) (emphasis in original) (internal quotation mark omitted).  The immunity agreements are not.  Singh remains free on cross-examination to explore the immunity agreements with the witnesses at trial.

**J.   MOTION TO PRECLUDE EVIDENCE OF UNCHARGED CAMPAIGN LAW VIOLATIONS**

The motion should be denied.

As an initial matter, Singh misunderstands the Second Superseding Indictment.  He contends that he and "his co-defendants are not charged with violating" anything other than the foreign national contribution limits at 52 U.S.C. § 30121.  Def. Mot. [318] at 15. That is not so.  Counts Two and Four charge defendants with willfully and knowingly violating federal law's "prohibition on straw donors," in violation of 52 U.S.C. § 30122. *Id.* at 16 n.6.  Those counts will require the United States to prove that the defendants used a conduit to make contributions in a federal election in the name of another, raising the very laws that Singh seeks to exclude at trial.

State and local law violations are inextricably intertwined with the offenses charged here as well.  The methods that the defendants designed achieved the goal of injecting foreign national funds into local elections.  But those designs had to account for state and local laws as well.  For example, individual donors were capped at $500 for the 2012

mayoral primary.   That accounts for the dozens of $500 checks that the defendants secured.   Contribution envelopes noted in print that reimbursements were not permitted. The defendants knew, too, that corporations could not make contributions to the DCCC. Accordingly, they had Marc Chase write a personal check, while other donations came from his company checking account.   Those measures were all designed to account for requirement under the law.   Because the regulatory framework provided the backdrop for the defendants' schemes, evidence of that framework is probative and relevant.

Any fears of prejudice may be addressed through limiting instructions.   See, e.g., *United States v. Flores-Blanco*, 623 F.3d 912, 920 (9th Cir. 2010) ("In addition, any prejudice was minimized by the district court's limiting instruction to the jury.").   Those instructions will ensure that a jury will not speculate that Singh "must have knowingly violated" other laws; or confuse jurors about the charged offenses; or lead them to wonder why those other offenses were not charged in the indictment.   Given the probative value of the evidence, and the benefits of any limiting instructions, Singh's motion should be denied.   *Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions.")

### K.   MOTION TO PRECLUDE CO-CONSPIRATOR STATEMENTS

The motion should be denied, for the reasons this Court already identified in denying defendants' request for a *James* hearing.

Moreover, co-conspirator statements made in furtherance of the conspiracy are admissible under black letter law.   Fed. R. Evid. 801(d)(2)(E).   "[C]o-conspirator statements are not testimonial and therefore beyond the compass of *Crawford*'s holding." *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir.2005); see also *United States v. Bridgeforth*, 441 F.3d 864, 869 n. 1 (9th Cir.2006) (noting that the admissibility of co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E) survives Crawford ). Similarly, a "statement made by a co-conspirator during and in furtherance of the conspiracy [is] not barred by Bruton." *Allen*, 425 F.3d at 1235 n. 5.

1
2
3

## II

## <u>CONCLUSION</u>

4

5       For the foregoing reasons, this Court should deny the unopposed motions as moot,

6   and deny the others motions as opposed above.

7       DATED: July 5, 2016                    Respectfully submitted,

8                                              ALANA W. ROBINSON
                                               Attorney for the United States
9                                              Acting Under 28 U.S.C. § 515

10
                                               /s/ *Helen H. Hong*
11                                             ANDREW G. SCHOPLER
                                               MARK W. PLETCHER
12                                             HELEN H. HONG
                                               Assistant U.S. Attorneys
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | Case No. 14CR0388-MMA |
|---|---|
| v. | |
| JOSE SUSUMO AZANO MATSURA (1),<br>    aka Mr. A.,<br>    aka Mr. Lambo,<br>RAVNEET SINGH (2),<br>    aka Ravi Singh,<br>ELECTIONMALL, INC. (3),<br>MARCO POLO CORTES (4),<br>EDWARD SUSUMO AZANO HESTER (5),<br>    aka Susu,<br>    aka Junior,<br><br>        Defendants. | **CERTIFICATE OF SERVICE** |

I, the undersigned, declare under penalty of perjury that I have served the foregoing document on the above-captioned party(ies) by:

■ electronically filing it with the U.S. District Court for the Southern District of California using its ECF System, which electronically notifies the party(ies).

☐ causing the foregoing to be mailed by first class mail to the parties identified with the District Court Clerk on the ECF System.

☐ causing the foregoing to be mailed by first class mail to the following non-ECF participant at the last known address, at which place there is delivery service of mail from the United States Postal Service:

Executed on July 5, 2016.

/s/ *Helen H. Hong*
HELEN H. HONG
Assistant U.S. Attorney

12