

**FILED**

SEP - 9 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 14CR388-MMA |
| v. | **JURY INSTRUCTIONS** |
| JOSE SUSUMO AZANO MATSURA, RAVNEET SINGH, MARCO POLO CORTES, and EDWARD SUSUMO AZANO HESTER, | |
| Defendants. | |

## JURY INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions has been provided to each of you to read along with me now, and to consult during your deliberation.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## JURY INSTRUCTION NO. 2

The Indictment in this case is not evidence. The defendants have pleaded not guilty to the charges. A defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, a defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

## JURY INSTRUCTION NO. 3

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that a defendant did not testify.

### JURY INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## JURY INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

## JURY INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, their closing arguments, and at other times during the trial, is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I may have excluded, stricken, or instructed you to disregard is not evidence.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## JURY INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## JURY INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## JURY INSTRUCTION NO. 9

You are here only to determine whether each defendant is guilty or not guilty of the charges in the Indictment.  No defendant is on trial for any conduct or offense not charged in the Indictment.

## JURY INSTRUCTION NO. 10

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or a specific count.

## JURY INSTRUCTION NO. 11

The Spanish language has been used during this trial.

The evidence you are to consider is only that provided through the official court interpreters or through the written translations of Spanish language documents. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the evidence presented in the English translation and disregard any different meaning.

## JURY INSTRUCTION NO. 12

The Indictment charges that the offenses and acts alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

## JURY INSTRUCTION NO. 13

You have heard testimony that one or more of the defendants made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

## JURY INSTRUCTION NO. 14

You have heard evidence that one or more of the defendants may have committed other unlawful acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, plan, knowledge, absence of mistake, and the elements of this offense, and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

## JURY INSTRUCTION NO. 15

You have heard testimony from one or more witnesses who:

1) received immunity.  That testimony was given in exchange for a promise by the government that the witness will not be prosecuted.

2) pleaded guilty to a crime that may have arisen out of the same events for which one or more of the defendants is on trial. This guilty plea is not evidence against these defendants, and you may consider it only in determining this witness's believability.

For this reason, in evaluating the testimony of any such witness, you should consider the extent to which or whether his testimony may have been influenced by this factor. In addition, you should examine the testimony of any such witness with greater caution than that of other witnesses.

1    <u>JURY INSTRUCTION NO. 16</u>

2    You have heard testimony from persons who, because of education or experience,

3    were permitted to state expert opinions and the reasons for their opinions.

4    Such opinion testimony should be judged like any other testimony.  You may

5    accept it or reject it, and give it as much weight as you think it deserves, considering

6    the witness's education and experience, the reasons given for the opinion, and all the

7    other evidence in the case.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>JURY INSTRUCTION NO. 17</u>

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material.   You should, therefore, give them only such weight as you think the underlying material deserves.

## JURY INSTRUCTION NO. 18

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## JURY INSTRUCTION NO. 19

Some exhibits have a string of letters and numbers on the bottom right-hand corner of the document. Those letters and numbers are to be disregarded and are not evidence. Other documents have the phrase "timeline" written on the top left of the document. That phrase is to be disregarded and it is not evidence.

JURY INSTRUCTION NO. 20

Defendants Jose Susumo Azano Matsura, Ravneet Singh, Marco Polo Cortes, and Edward Susumo Azano Hester are charged in Count 1 of the Indictment with conspiring with one another and with Ernesto Encinas, Marc Alan Chase, and others

1.     to knowingly and willfully make campaign donations and contributions by a foreign national, aggregating at least $25,000 in a calendar year, in violation of Sections 437g(d)(1)(A) and 441e(a)(1)(A) of Title 2 of the United States Code; and

2.     to knowingly falsify records, in violation of section 1519 of Title 18 of the United States Code.

In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on a date unknown, and continuing up through September 2013, there was an agreement between two or more persons to commit at least one crime as charged in the Indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

## JURY INSTRUCTION NO. 21

You must decide whether the conspiracy charged in Count 1 of the Indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist for the charged Count, then you must return a not guilty verdict for that Count, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty for that Count, even though that defendant may have been a member of some other conspiracy.

1

## JURY INSTRUCTION NO. 22

2    A conspiracy may continue for a long period of time and may include the

3    performance of many transactions. It is not necessary that all members of the conspiracy

4    join it at the same time, and one may become a member of a conspiracy without full

5    knowledge of all the details of the unlawful scheme or the names, identities, or locations

6    of all of the other members.

7    Even though a defendant did not directly conspire with another defendant in the

8    overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if

9    the government proves each of the following beyond a reasonable doubt that:

10    (1) the defendant directly conspired with one or more conspirators to carry out at

11    least one of the objects of the conspiracy;

12    (2) the defendant knew or had reason to know that other conspirators were

13    involved with those with whom the defendant directly conspired; and

14    (3) the defendant had reason to believe that whatever benefits the defendant might

15    get from the conspiracy were probably dependent upon the success of the entire venture.

16    It is not a defense that a person's participation in a conspiracy was minor or for a

17    short period of time.

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 23

Defendant Jose Susumo Azano Matsura is charged in Count 3 of the Indictment with making donations and contributions by a foreign national, in violation of Title 2, United States Code, Sections 441e(a)(1)(A) and 437g(d)(1)(A). In order for defendant Azano Matsura to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Jose Susumo Azano Matsura is a foreign national;

Second, Jose Susumo Azano Matsura made, directly or indirectly,

1) a contribution or donation of money or other thing of value, or an express or implied promise to make a contribution or donation, in connection with a Federal, State, or local election; or

2) a contribution or donation to a committee of a political party;

Third, the contributions and donations aggregated $25,000 or more during calendar year 2012 and the defendant knew so; and

Fourth, defendant acted knowingly and willfully.

The term "foreign national" means an individual who is not a citizen of the United States and who is not lawfully admitted for permanent residence (green card holder).

The term "contribution" includes any gift, subscription, loan, advance, or deposit of money or anything of value made by any person for the purpose of influencing any election for Federal office; or the payment by any person of compensation for the personal services of another person which are rendered to a political committee without charge for any purpose. The term "contribution" does not include the value of services provided without compensation by any individual who volunteers on behalf of a candidate or political committee. The term "donation" is defined the same as "contribution," but does not require the payment to be made in connection with a federal election, and may be made instead in connection with a state or local election.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's

1    words, acts, or omissions, along with all the other evidence, in deciding whether the
2    defendant acted knowingly.

3        An act is done willfully if the defendant acted with knowledge that some part of
4    his course of conduct was unlawful and with the intent to do something the law forbids,
5    and again not by mistake or accident.  In other words, a person acts "willfully" when he
6    acts with a bad purpose to disobey or disregard the law.

7        It is not necessary for the government to prove that the defendant was aware of
8    the specific provision of the law that he is charged with violating.  Rather, it is sufficient
9    for the defendant to act knowing that his conduct is unlawful, even if he does not know
10   precisely which law or regulation makes it so.

## JURY INSTRUCTION NO. 24

Defendants Ravneet Singh and Marco Polo Cortes are charged in Count 3 of the Indictment with aiding and abetting the crime of making donations and contributions by a foreign national aggregating $25,000 or more in calendar year 2012, in violation of Title 2, United States Code, Sections 441e(a)(1)(A) and 437g(d)(1)(A). A defendant may be found guilty of Count 3, even if the defendant personally did not commit the act or acts constituting the crime, but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting the crime of making donations and contributions by a foreign national aggregating $25,000 or more in calendar year 2012, in violation of Title 2, United States Code, Sections 441e(a)(1)(A) and 437g(d)(1)(A), the government must prove each of the following beyond a reasonable doubt:

First, Jose Susumo Azano Matsura committed the crime of making donations and contributions by a foreign national aggregating at least $25,000 in calendar year 2012, in violation of Title 2, United States Code, Sections 441e(a)(1)(A) and 437g(d)(1)(A);

Second, the defendant aided, counseled, commanded, or induced Jose Susumo Azano Matsura to make, directly or indirectly,

      a.   a contribution or donation of money or other thing of value, or an express or implied promise to make a contribution or donation, in connection with a Federal, State, or local election; or

      b.   a contribution or donation to a committee of a political party;

Third, the defendant acted with the intent to facilitate the crime of making donations and contributions by a foreign national, aggregating $25,000 or more in calendar year 2012;

Fourth, the defendant acted knowingly and willfully; and

Fifth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable

doubt that the defendant acted with the knowledge and intention of helping Jose Susumo Azano Matsura to commit the crime of making donations and contributions by a foreign national aggregating at least $25,000 in calendar year 2012, in violation of Title 2, United States Code, Sections 441e(a)(1)(A) and 437g(d)(1)(A).

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

An act is done willfully if the defendant acted with knowledge that some part of his course of conduct was unlawful and with the intent to do something the law forbids, and again not by mistake or accident. In other words, a person acts "willfully" when he acts with a bad purpose to disobey or disregard the law.

The term "contribution" includes any gift, subscription, loan, advance, or deposit of money or anything of value made by any person for the purpose of influencing any election for Federal office; or the payment by any person of compensation for the personal services of another person which are rendered to a political committee without charge for any purpose. The term "contribution" does not include the value of services provided without compensation by any individual who volunteers on behalf of a candidate or political committee. The term "donation" is defined the same as "contribution," but does not require the payment to be made in connection with a federal election, and may be made instead in connection with a state or local election.

## JURY INSTRUCTION NO. 25

The government has alleged that some of the defendants made "in-kind" contributions or donations of goods and/or services. You should calculate the value of "in-kind" contributions or donations using the fair market value of those goods and services, otherwise defined as the usual and normal charge.

The usual and normal charge means the price of those goods in the market from which they ordinarily would have been purchased at the time of the contribution, or the hourly or piecework charge for the services at a commercially reasonable rate prevailing at the time the services were rendered.

JURY INSTRUCTION NO. 26

If you find Jose Susumo Azano Matsura, Ravneet Singh, Marco Polo Cortes, or Edward Susumo Azano Hester guilty of the conspiracy charged in Count 1, you may also find that defendant guilty of committing the crime of making donations and contributions by a foreign national aggregating $25,000 or more in calendar year 2012 as charged in Count 3 of the Indictment, even though he did not participate directly in the acts constituting that offense.

That is because a conspirator is responsible for offenses committed by another member of the conspiracy if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and fell within the scope of and could reasonably have been foreseen to be a necessary or natural consequence of, the conspiracy. In other words, the illegal actions of other members of the conspiracy may be attributed to any defendant who is a member of the conspiracy at the time the illegal acts are committed.  As a result, under certain conditions, a defendant may be found guilty of a crime even though he or she did not participate directly in the acts constituting that offense.

If you find beyond a reasonable doubt that the government has proven a defendant guilty of the conspiracy charged in Count 1 of the Indictment, you may also find that defendant guilty of the crime alleged in Count 3 of the Indictment, provided you find beyond a reasonable doubt that

First, some other member of the conspiracy charged in Count 1 committed the crime of making donations and contributions by a foreign national aggregating $25,000 or more in calendar year 2012 as charged in Count 3 of the Indictment;

Second, the crime of making donations and contributions by a foreign national aggregating $25,000 or more in calendar year 2012 as charged in Count 3 of the Indictment was committed in furtherance of the conspiracy;

Third, the defendant was a member of the conspiracy charged in Count 1 of the Indictment at the time the crime of making donations and contributions by a foreign

national aggregating $25,000 or more in calendar year 2012 as charged in Count 3 of the Indictment was committed; and

Fourth, the crime of making donations and contributions by a foreign national aggregating $25,000 or more in calendar year 2012 as charged in Count 3 of the Indictment fell within the scope of the unlawful agreement charged in Count 1 and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

JURY INSTRUCTION NO. 27

Defendants Jose Susumo Azano Matsura and Marco Polo Cortes are charged in Count 4 of the Indictment with making a contribution in the name of another person, in violation of Title 2, United States Code, Sections 441f and 437g(d)(1)(A). In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a contribution in the name of another person, aggregating $25,000 or more during calendar year 2012;

Second, the person named as the contributor was not the true source of the money used for the contribution, and the defendant was aware of this; and

Third, the defendant acted knowingly and willfully.

The term "contribution" includes any gift, subscription, loan, advance, or deposit of money or anything of value made by any person for the purpose of influencing any election for Federal office; or the payment by any person of compensation for the personal services of another person which are rendered to a political committee without charge for any purpose. The term "contribution" does not include the value of services provided without compensation by any individual who volunteers on behalf of a candidate or political committee.

It does not matter whether the true source of the funds provided an advancement or a reimbursement of funds for the contribution.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

An act is done willfully if the defendant acted with knowledge that some part of his course of conduct was unlawful and with the intent to do something the law forbids, and again not by mistake or accident. In other words, a person acts "willfully" when he acts with a bad purpose to disobey or disregard the law.

1      It is not necessary for the government to prove that the defendant was aware of
2   the specific provision of the law that he is charged with violating.  Rather, it is sufficient
3   for the defendant to act knowing that his conduct is unlawful, even if he does not know
4   precisely which law or regulation makes it so.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### JURY INSTRUCTION NO. 28

Defendants Jose Susumo Azano Matsura and/or Marco Polo Cortes may be found guilty of Count 4, even if he personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting the crime of making a contribution in the name of another person, aggregating $25,000 or more in calendar year 2012, in violation of Title 2, United States Code, Sections 441f and 437g(d)(1)(A), the government must prove each of the following beyond a reasonable doubt:

First, the crime of making a contribution in the name of another person, aggregating $25,000 or more in calendar year 2012, in violation of Title 2, United States Code, Sections 441f and 437g(d)(1)(A) was committed by someone;

Second, the defendant aided, counseled, commanded, or induced another to make a contribution in the name of another person, aggregating $25,000 or more during calendar year 2012;

Third, the defendant acted with the intent to facilitate the crime of making a contribution in the name of another person, aggregating $25,000 or more in calendar year 2012, in violation of Title 2, United States Code, Sections 441f and 437g(d)(1)(A);

Fourth, the defendant acted knowingly and willfully; and

Fifth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping someone commit the crime of making a contribution in the name of another person, aggregating $25,000 or more in calendar year 2012, in violation of Title 2, United States Code, Sections 441f and 437g(d)(1)(A)

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and

1    having acquired that knowledge when the defendant still had a realistic opportunity to
2    withdraw from the crime.

3              An act is done knowingly if the defendant is aware of the act and does not act
4    through ignorance, mistake, or accident.  You may consider evidence of the defendant's
5    words, acts, or omissions, along with all the other evidence, in deciding whether the
6    defendant acted knowingly.

7              An act is done willfully if the defendant acted with knowledge that some part of
8    his course of conduct was unlawful and with the intent to do something the law forbids,
9    and again not by mistake or accident.  In other words, a person acts "willfully" when he
10   acts with a bad purpose to disobey or disregard the law.

11             The term "contribution" includes any gift, subscription, loan, advance, or deposit
12   of money or anything of value made by any person for the purpose of influencing any
13   election for Federal office; or the payment by any person of compensation for the
14   personal services of another person which are rendered to a political committee without
15   charge for any purpose.  The term "contribution" does not include the value of services
16   provided without compensation by any individual who volunteers on behalf of a
17   candidate or political committee.

18
19
20
21
22
23
24
25
26
27
28

<u>JURY INSTRUCTION NO. 29</u>

One or more of the defendants are charged in each of Counts 5 through 37 of the Indictment with falsification of records relating to campaign finance, in violation of Title 18, United States Code, Section 1519. Rather than restating these verbatim counts (and their elements) in their entirety here, a chart is attached (included as the next page after this instruction) listing each count by number, along with the "Date," "Defendants," "Record," "Approx. Amount" and "Alleged Donor" information as alleged in each count. You will be asked in the Verdict Form to render a verdict as to each separate count (and as to each Defendant named in each separate count). The following instruction applies to each and all of these counts (and to each and all of the Defendants named in these counts):

In order for a defendant to be found guilty of any one or more of these counts (i.e., Counts 5 through 37), the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant concealed an entry, covered up an entry, falsified an entry, or made a false entry, in a record or document;

Second, the defendant did so knowingly; and

Third, the defendant acted with the intent to impede, obstruct or influence an actual or contemplated investigation of a matter within the jurisdiction of the Federal Bureau of Investigations.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

A defendant does not have to personally conceal an entry, cover up an entry, falsify an entry, or make a false entry, in a record or document. To prove a defendant guilty of falsification of records related to campaign finance, by causing the falsification

1   of records, the government must prove beyond a reasonable doubt that a defendant
2   willfully caused an act to be done which if directly performed by him or another would
3   constitute the crime of falsification of records related to campaign finance.
4          An act is done willfully if the defendant acted with knowledge that some part of
5   his course of conduct was unlawful and with the intent to do something the law forbids.

| COUNT | DATE | DEFENDANTS | RECORD | APPROX. AMOUNT | ALLEGED DONATION |
|---|---|---|---|---|---|
| 5 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $1000 | Abel and Luz Garcia |
| 6 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Jason Wolter |
| 7 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Phillipos Mikelatos |
| 8 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Marcel Kasmer |
| 9 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Matthew Guillory |
| 10 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Brian Duarte |
| 11 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Ruth Long |
| 12 | 12/31/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Monique Navarette |
| 13 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Itzel Durazo |

| COUNT | DATE | DEFENDANTS | RECORD | APPROX. AMOUNT | ALLEGED DONATION |
|---|---|---|---|---|---|
| 14 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Jose Garcia |
| 15 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Angela Duque |
| 16 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Ramon Godinez |
| 17 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Betty Hart |
| 18 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Marc Chase |
| 19 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Ruth Chase |
| 20 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Olivia Falcone |
| 21 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Luisa Zarate |
| 22 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Sean Hughes |
| 23 | 12/31/11 | AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Kristine Hughes |

| COUNT | DATE | DEFENDANTS | RECORD | APPROX. AMOUNT | ALLEGED DONATION |
|---|---|---|---|---|---|
| 24 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Christopher Peterson |
| 25 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Richard Ahumada |
| 26 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Elliot Grossman |
| 27 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Tomoko Grossman |
| 28 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | William Noon |
| 29 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Simran Noon |
| 30 | 1/2/12 | AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Michael Pedace |
| 31 | 1/2/12 | AZANO | San Diego City Clerk's Record of Donations to Bonnie Dumanis | $500 | Maria Pedace |
| 32 | February 2012 | AZANO; SINGH | San Diego City Clerk's Record of Donations to Bonnie Dumanis | at least $75,000 | Unreported |

| COUNT | DATE | DEFENDANTS | RECORD | APPROX. AMOUNT | ALLEGED DONATION |
|-------|------|------------|--------|----------------|------------------|
| 33 | 5/2/12 | AZANO | San Diego City Clerk's Record of Independent Expenditure Committees Supporting Bonnie Dumanis | $100,000 | Airsam N492RM, LLC |
| 34 | 9/24/12 | AZANO; CORTES | Federal Election Commission's Record of Donations | $30,000 | Marc Chase |
| 35 | 9/27/12 | AZANO; CORTES | San Diego City Clerk's Record of Independent Expenditure Committees Supporting Bob Filner | $120,000 | South Beach Acquisitions, Inc. |
| 36 | 10/4/12 | AZANO; CORTES | California Secretary of State Record of Donations to Political Parties | $30,000 | West Coast Acquisitions, LLC |
| 37 | October 2012 | AZANO; SINGH; CORTES | San Diego City Clerk's Record of Donations to Bob Filner | $191,955 | Unreported |

## JURY INSTRUCTION NO. 30

If you find Jose Susumo Azano Matsura, Ravneet Singh, Marco Polo Cortes, or Edward Susumo Azano Hester guilty of the conspiracy charged in Count 1, you may also find that defendant guilty of falsification of records as charged in Counts 5 through 33 and Counts 35 through 37, even though he did not participate directly in the acts constituting that offense.

That is because a conspirator is responsible for offenses committed by another member of the conspiracy if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and fell within the scope of and could reasonably have been foreseen to be a necessary or natural consequence of, the conspiracy. In other words, the illegal actions of other members of the conspiracy may be attributed to any defendant who is a member of the conspiracy at the time the illegal acts are committed.  As a result, under certain conditions, a defendant may be found guilty of a crime even though he or she did not participate directly in the acts constituting that offense.

If you find beyond a reasonable doubt that the government has proven a defendant guilty of the conspiracy charged in Count 1 of the Indictment, you may also find that defendant, in a count in which he is specifically named, guilty of a crime alleged in Counts 5 through 33 or Counts 35 through 37 of the Indictment, provided you find beyond a reasonable doubt that

First, some other member of the conspiracy charged in Count 1 committed the crime of falsification of records as charged in Counts 5 through 33 or Counts 35 through 37;

Second, the crime of falsification of records as charged in Counts 5 through 33 or Counts 35 through 37 was committed in furtherance of the conspiracy;

Third, the defendant was a member of the conspiracy charged in Count 1 of the Indictment at the time the crime of falsification of records as charged in Counts 5 through 33 or Counts 35 through 37 of the Indictment was committed; and

1    Fourth, the crime of falsification of records as charged in Counts 5 through 33 or
2    Counts 35 through 37 of the Indictment fell within the scope of the unlawful agreement
3    charged in Count 1 and could reasonably have been foreseen to be a necessary or natural
4    consequence of the unlawful agreement.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## JURY INSTRUCTION NO. 31

2   Defendant Jose Susumo Azano Matsura is charged in Count 39 of the Indictment

3 with the possession of a firearm in violation of Section 922(g) of Title 18 of the United

4 States Code.  In order for the defendant to be found guilty of that charge, the government

5 must prove each of the following elements beyond a reasonable doubt:

6   First, the defendant knowingly possessed a firearm;

7   Second, the firearm had been shipped from one state to another; and

8   Third, at the time the defendant possessed the firearm, the defendant was

9 admitted to the United States under a nonimmigrant visa.

10   To establish "knowingly" under the first element, the government need not prove

11 the defendant's knowledge of the law, only that the defendant consciously possessed

12 what he knew to be a firearm.

13   The phrase "nonimmigrant visa" means a visa properly issued to an alien as an

14 eligible nonimmigrant.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>JURY INSTRUCTION NO. 32</u>

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## JURY INSTRUCTION NO. 33

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

1

## JURY INSTRUCTION NO. 34

2      Some of you have taken notes during the trial. Whether or not you took notes,

3 you should rely on your own memory of what was said. Notes are only to assist your

4 memory. You should not be overly influenced by your notes or those of your fellow

5 jurors.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## JURY INSTRUCTION NO. 35

2     The punishment provided by law for this crime is for the court to decide. You

3  may not consider punishment in deciding whether the government has proved its case

4  against the defendant beyond a reasonable doubt.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## JURY INSTRUCTION NO. 36

2       Verdict forms have been prepared for you.  After you have reached unanimous

3   agreement on a verdict, your foreperson should complete the verdict form according to

4   your deliberations, sign and date it, and advise the Court clerk that you are ready to

5   return to the courtroom.

## JURY INSTRUCTION NO. 37

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.