# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br>v.<br>JOSE SUSUMO AZANO MATSURA, et al.,<br><br>                     Defendants. | Case No.:  14cr388-MMA<br><br>**NOTICE AND ORDER PROVIDING TENTATIVE RULINGS RE: DEFENDANTS' POST-TRIAL MOTIONS SET FOR HEARING ON JUNE 2, 2017**<br><br>[Doc. Nos. 628, 630-37, 641, 653] |

    Defendants Jose Susumo Azano Matsura ("Azano"), Ravneet Singh, Marco Polo Cortes, ElectionMall, Inc., and Edward Susumo Azano Hester ("Hester") have filed and/or joined in post-trial motions set for hearing on Friday, June 2, 2017 at 9:30 a.m.  In anticipation of the hearing, the Court issues the following tentative rulings:

## Azano's Motions

    1.    The Court tentatively **DENIES** Azano's motions for a new trial [Doc. No. 634] and evidentiary hearing [Doc. No. 640].  The Court tentatively finds that it should exercise its discretion to decline consideration of Azano's ineffective assistance of counsel claim prior to the entry of judgment in this case.  The Court further tentatively finds that Azano is not entitled to a new trial based on the government's purported discovery violation with respect to the production of data from his cell phone.

2. The Court tentatively **DENIES** Azano's motion for a judgment of acquittal on Count 39 of the Third Superseding Indictment [Doc. No. 635]. The Court tentatively finds that Azano is not entitled to a judgment of acquittal on Count 39 based on insufficient evidence at trial of an affirmative defense upon which he carried the burden of proof.

3. The Court tentatively **DENIES** Azano's motion to dismiss Counts 1, 3, 5-33, and 35-37 of the Third Superseding Indictment [Doc. No. 636]. The Court tentatively finds that Azano fails to provide any basis for the Court to reconsider its prior ruling denying his motion to dismiss the disputed counts.

4. The Court tentatively **DENIES** Azano's motion for post-verdict discovery [Doc. No. 637]. The Court tentatively finds that the government's PowerPoint presentation constitutes the argument of counsel, and as such, is not evidence and therefore not subject to disclosure under any discovery rule. The Court further tentatively finds that the PowerPoint presentation does not fall within the categories of items that will constitute the record on appeal.

### Cortes' Motions

5. The Court tentatively **DENIES** Cortes' motion for a judgment of acquittal on Counts 1, 3, and 4 of the Third Superseding Indictment [Doc. No. 628]. The Court tentatively finds that the government presented sufficient evidence at trial for a rational trier of fact to find the essential elements of each crime beyond a reasonable doubt.

6. The Court tentatively **DENIES** Cortes' motion to preclude retrial on Counts 1, 3, and 4 of the Third Superseding Indictment [Doc. No. 630]. The Court tentatively finds that the jury's acquittal of Cortes on Counts 34-37 did not resolve whether Cortes knew Azano was a foreign national, or whether Azano was the true source of the donations and in-kind contributions to Bob Filner's mayoral campaign.

### Singh's Motions

7. The Court tentatively **DENIES** Singh's motion for a judgment of acquittal on Counts 1, 3, 32, and 37 of the Third Superseding Indictment [Doc. No. 631]. The

Court tentatively finds that the government presented sufficient evidence at trial to support all counts of conviction.

8.  The Court tentatively **DENIES** Singh's motion to dismiss the indictment under *Brady v. Maryland*, 373 U.S. 83 (1963), and Federal Rule of Criminal Procedure 16 [Doc. No. 633]. The Court tentatively finds that the government did not violate *Brady* by failing to disclose the subject statement of Ed Clancy prior to trial. The Court tentatively finds further that the government did not violate its disclosure obligations under Rule 16, based on the government's representation that "[t]here is no document memorializing the fact that Clancy disclosed that Miguel de la Vega told him that Mr. Azano paid for Mr. Singh's services," Doc. No. 682 at 9.

9.  The Court tentatively **DENIES** Singh's motion to compel discovery regarding the government's pretrial preparation of Ernesto Encinas [Doc. No. 641], and tentatively declines to hold an evidentiary hearing regarding any of the matters raised in the motion.

10. The Court tentatively **DENIES** Singh's motion for a new trial [Doc. No. 632]. The Court tentatively finds that no *Brady* violations occurred and the prosecutor's rebuttal closing argument was proper. The Court tentatively finds further that the denial of Singh's motion to sever, as well as the evidentiary rulings and jury instructions challenged by Singh, were not erroneous.

### Hester's Motions

11. The Court tentatively **DENIES** Hester's motion for a judgment of acquittal on Counts 1, 3, 7, and 13-17 of the Third Superseding Indictment, or in the alternative, for a new trial, based on the sufficiency of the evidence presented at trial.

12. The Court **DECLINES** to provide a tentative ruling regarding Hester's motion for a new trial based on ineffective assistance of counsel. The Court tentatively plans to take Hester's motion under submission subsequent to the motion hearing, and issue a written ruling in due course.

///

The Court advises the parties that the above rulings are tentative.  The Court looks forward to the oral arguments of counsel during the motion hearing.

**IT IS SO ORDERED**.

DATE: June 1, 2017

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge